O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RALPH EDWARD MOORE | § | |
| | § | |
| VS. | § | C.A. NO. C-04-302 |
| | § | |
| EILEEN KENNEDY, ET AL. | § | |

### **ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Pending is plaintiff's motion to amend original complaint (D.E. 30). For the reasons stated herein, plaintiff's motion is denied.

### **I. Background**

Plaintiff filed suit on June 3, 2004, against the Regional Director of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), the McConnell Unit, and numerous McConnell Unit officials and employees alleging that defendants were deliberately indifferent to his health and safety because they failed to transfer him off the Unit despite threats against his life and two physical attacks (D.E. 1). On August 5, 2004, an evidentiary hearing was held and thereafter, certain of plaintiff's claims and certain defendants were dismissed; however, plaintiff's Eighth Amendment claims against wardens Eileen Kennedy and Alfonso Castillo were retained. See D.E. 17. On October 20, 2004, defendants filed their Answer (D.E. 19) and discovery proceeded.

On April 19, 2005, defendants filed their motion for summary judgment to deny plaintiff's claims on the grounds that he failed to establish that either defendant had a sufficiently culpable state of mind and/or that defendants were entitled to qualified immunity (D.E. 28). On April 26, 2005, plaintiff filed the instant motion for leave to file an amended complaint to add as additional defendants Doug Dretke, the TDCJ-CID executive director, and William Stephens, identified as the "head"

McConnell Unit warden (D.E. 30). In addition, plaintiff seeks to state a claim against Warden Stephens for "allowing [an] unjustified disciplinary hearing to stand" in violation of plaintiff's due process rights. Id. Defendants object to plaintiff's motion to amend complaint (D.E. 32).

## II. Discussion

Rule 15(a), Fed. R. Civ. P., mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981).

In his motion to amend, plaintiff states that, since filing his amended complaint, he has received assistance and has been advised that Dretke, as the TDCJ director, and Stephens, as the head warden of the McConnell Unit, are "liable for the acts and omissions of the two (2) assistant wardens..." (D.E. 30 at ¶ 7). That is, plaintiff seeks to hold Dretke and Stephens liable in their roles as supervisors.

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil

rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S. Ct. 248 (1983) (citations omitted). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d at 304. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

A district court may deny a motion to amend if it concludes that the proposed amendment would be futile. Stripling v. Jordan Production Co., 234 F.3d 863, 872-73 (5th cir. 2000). The Fifth Circuit has defined "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted." Id. A review of plaintiff's proposed amended complaint fails to allege any personal involvement by either Dretke or Stephens. As such, the proposed amendment would be futile, and plaintiff's motion for leave to amend to name Dretke and Stephens as defendants is denied.

Plaintiff also seeks to amend his complaint to allege a due process claim against warden Stephens concerning a disciplinary hearing. Plaintiff cannot challenge a disciplinary hearing decision in a § 1983 action, nor may he seek damages for an unconstitutional disciplinary conviction until he has successfully set aside the disciplinary conviction in a habeas corpus proceeding. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998), cert. denied, 525 U.S. 1151(1999). Thus, plaintiff's

motion to amend complaint to add a due process claim against warden Stephens is denied, and this claim is dismissed without prejudice.

ORDERED this 23rd day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE